## United States District Court
## Central District of California

**UNITED STATES OF AMERICA vs.**          **Docket No.**          CR 08-00218 DDP

**Defendant**  ANGEL ITUARTE VALENZUELA          **Social Security No.**  no SSN

akas:  Angel Ituarte.

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this

| MONTH | DAY | YEAR |
|-------|-----|------|
| 07 | 28 | 2010 |

| COUNSEL | [X] WITH COUNSEL | Callie Glanton Steele, DFPD. |
|---------|------------------|------------------------------|

(Name of Counsel)

| PLEA | [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea. | | **NOLO CONTENDERE** | | **NOT GUILTY** |
|------|---------|---|---|---|---|

**FINDING**    There being a finding/verdict of │ **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Illegal Alien Found in the United States Following Deportation in violation of 8 U.S.C. § 1326 (a) as charged in the Single Count Information.

**JUDGMENT AND PROB/ COMM ORDER**

The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: the defendant is hereby committed on Single Count Information to the custody of the Bureau of Prisons to be imprisoned for a term of thirty-six (36) months. Upon release from imprisonment defendant shall be placed on supervised release for a term of three (3) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318, but not limited to, the condition that defendant shall not commit another federal, state or local crime;

2. The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed <u>eight</u> tests per month, as directed by the Probation Officer, pursuant to 18 U.S.C. § 3583 (d). The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision;

3. The defendant shall comply with the rules and regulations of the United States and, if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within seventy-two (72) hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the U.S. Probation Office, located at the United States Courthouse, 312 North Spring Street, Room 600, Los Angeles, California 90012 or Ronald Reagan Federal Building and U. S. District Courthouse, 411 West Fourth Street, 4th Floor, Santa Ana, California 92701;

USA vs.   ANGEL ITUARTE VALENZUELA                    Docket No:        CR 08-00218 DDP

4.        The defendant shall cooperate in the collection of a DNA sample from the defendant.

FINE:  Pursuant to Section 5E1.2 (e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine.

SPECIAL ASSESSMENT:  It is further ordered defendant shall pay to the United States a special assessment fee of $100, which is due immediately to the Clerk of the Court.

SENTENCING RANGE:     The Court considers the sentence as stated to be reasonable given consideration of the factors set forth in 18 U.S.C. § 3553, including: under factor (a) (1), the defendant's history of committing a crime in the United States and then returning illegally to the United States following deportation; under factor (a) (2) (A), the need for the sentence to promote respect for the laws and sufficiently and justly punish the defendant for this serious offense; under factor (a) (2) (B), the need for the sentence to impress upon defendant and others the seriousness of his offense of illegally returning to the United States and deter him, specifically, and others, generally, from returning illegally; and under factor (a) (2) ( C), the need for the sentence and defendant's anticipated subsequent deportation to protect the public from further crimes of the defendant.

        Also in its consideration, the Court had evaluated the Sentencing Guidelines as required in 18 U.S.C. § 3553 (a) (4), and finds the calculations of suggested sentence therein for this defendant under the present circumstances to be reasonable.

        The Court RECOMMENDS a BOP facility as close to the Southern California vicinity as possible.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

☐    This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

| July 28, 2010 | |
| --- | --- |
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

| July 28, 2010 | By   John A. Chambers |
| --- | --- |
| Filed Date | Deputy Clerk |

USA vs.   ANGEL ITUARTE VALENZUELA                    Docket No:      CR 08-00218 DDP

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

> 1. Special assessments pursuant to 18 U.S.C. §3013;
> 2. Restitution, in this sequence:
>    Private victims (individual and corporate),
>    Providers of compensation to private victims,
>    The United States as victim;
> 3. Fine;
> 4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
> 5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

USA vs.   ANGEL ITUARTE VALENZUELA                    Docket No:        CR 08-00218 DDP

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1.  The defendant shall not commit another Federal, state or local crime;
2.  the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3.  the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5.  the defendant shall support his or her dependants and meet other family responsibilities;
6.  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7.  the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____        By        _____

Date                                                Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By        _____

Filed Date                                        Deputy Clerk